# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FRANNY CARNEY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 08-CV-0154-GKF-FHM |
| KEVIN L. PETERS, et al., | ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter comes before the Court on the Motion to Dismiss of Defendant Tammy Bruce ("Bruce") [Docket #10]. The motion was filed on July 18, 2008. Plaintiff has failed to respond to the motion. Therefore, pursuant to L.CV.R. 7.2(f), the motion is deemed confessed.

Plaintiff filed this *pro se* suit on March 14, 2008 [Document #1], naming her former husband, three attorneys and three Oklahoma state court judges as defendants. She alleged, in connection with an ongoing court divorce case [*Frances Carney Peters v. Kevin Lee Peters,* Case No. FD-1998-3676], "continued denial of due process, equal protection of the laws, bias, prejudice, without knowledge and recognition of restricted Indian Sovereignty Native American Rights." [Document #1 at ¶D(1)]. Plaintiff sought "a stay from them filing contempt for monetary reimbursement utilizing Federally Restricted monies." [*Id.* at ¶E]. No specific allegations were made against Defendant Bruce.

Bruce, an attorney employed by the Oklahoma Department of Human Services ("DHS"), seeks dismissal of the action pursuant to Fed.R.Civ.P 12(b)(1) and (6), lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. She also seeks dismissal under Fed.R.Civ.P. 12(b)(5) for insufficient service of process.

Plaintiff states no basis for subject matter jurisdiction of the court, other than to reference

an attached pleading from her state court case. Therefore, the court finds that this suit should be dismissed pursuant to Fed.R.Civ.P. 12(b)(1). Further, Plaintiff fails to articulate any facts establishing a basis for her claim against this Defendant. In order to withstand a motion to dismiss for failure to state a claim, the complaint must contain enough allegations of fact to state a claim to which relief is plausible on its face. *Robbins v. State of Oklahoma ex rel Department of Human Services,* 519 F.3d 1242, 1247 (10th Cir. 2008). The burden is on Plaintiff "to frame a complaint with enough factual matter (taken as true) to suggest that he or she is entitled to relief." *Id.* Therefore, dismissal is appropriate under Fed.R.Civ.P. 12(b)(6). Finally, Plaintiff attempted to serve Defendant by mailing copies of the Complaint and its attachments, without a summons, addressed to Defendant at her workplace at DHS. Such service fails to meet the requirements of Fed.R.Civ.P. 4(e)(1) or (2) or 12 O.S.§2004(C). Thus, dismissal is appropriate under Fed.R.Civ.P. 12(b)(5).

For the reasons set forth above, Defendant's Motion to Dismiss is hereby granted.

**IT IS SO ORDERED** this 26th day of September 2008.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma